UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WING C. CHAU, M.D., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-2305-B |
| | § | |
| AVIVA LIFE AND ANNUITY COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On May 20, 2011, the Court issued a decision granting in part a motion to dismiss filed by Defendant Aviva Life and Annuity Company ("Aviva"). Mem. Op. & Order May 20, 2011 ("Mem. Op."). The Court dismissed the Second Amended Complaint's ("SAC") claims for common law fraud/negligent misrepresentation, Washington securities fraud, breach of duty of good faith, unjust enrichment, civil conspiracy, and violation of the Washington Consumer Protection Act without prejudice and denied the motion to the extent it sought dismissal of Plaintiffs' breach of contract claim. The Court also gave Plaintiffs leave to amend with instructions to file, along with the amended complaint, a synopsis explaining how the amendments overcame the grounds stated for dismissal. On June 20, 2011, Plaintiffs filed their Third Amended Complaint ("TAC") as well as its "Summary of Changes to Third Amended Complaint" ("Summary"). At issue now is the viability of the Third Amended Complaint. Specifically, the Court must determine whether the allegations in the Third Amended Complaint overcome the pleading deficiencies of the Second Amended Complaint, as detailed by the Court in its May 20, 2011 opinion.

1

## II.

## ANALYSIS

The Third Amended Complaint is substantially similar to the Second Amended Complaint, though the Third Amended Complaint and Plaintiffs' Summary highlight two main allegations that are repeated throughout the new complaint. *See generally* Summary Ex. 1 (redline draft of TAC showing changes). First, the amended complaint alleges that Aviva's[1] representations were false when made because it made unqualified representations that the § 419 plans at issue would provide tax avoidance when Aviva "knew or reasonably should have know the tax avoidance aspect of the plans was open to question and the position of the IRS was unknown and unknowable." *See, e.g.*, TAC ¶ 40. Second, the amended complaint adds additional statements alleging that Aviva's marketing "was false and illegal when performed" because Aviva marketed the plans as investments in contravention of Washington law. *Id.*[2]

The Court finds that these allegations do not change the Court's prior analysis in its May 20, 2011 opinion. The Court previously found, *inter alia*, that the Second Amended Complaint did not allege why the representations were false when made, as required by Federal Rule of Civil Procedure

---

[1]The Court uses the term "Aviva" to refer also to Indianapolis Life Insurance Company, Aviva's predecessor and the company that made the alleged misrepresentations in this case.

[2]The Third Amended Complaint also adds an allegation that "[n]one of the Plaintiffs is a tax or insurance specialist. Their reliance was reasonable inasmuch as Guess, Burns and Indianapolis Life are specialists in the field." TAC ¶ 67. However, this allegation does not change the Court's previous determination that the Second Amended Complaint did not properly allege that Aviva's representations were false when made, Aviva's representations were opinions or predictions regarding future tax treatment and enforcement by the IRS, and Plaintiffs had not alleged that Aviva had any special knowledge or ability to control future IRS enactment or enforcement such that the Plaintiffs could have reasonably relied on Aviva's representations. *See* Mem. Op. May 20, 2011 at 8-12. For the same reasons, the Third Amended Complaint does not properly plead the reasonable reliance element of Plaintiffs' common law fraud/negligent misrepresentation claim and the other fraud-based claims.

9(b) ("Rule 9(b)"). Mem. Op. May 20, 2011 at 8-10. The Court so ruled given that previous IRS notices failed to provide "definitive guidance about the validity and tax consequences of the § 419 Plan and insurance policies in this case to support the proposition that Indianapolis Life or its agents knew that their representations were false when made" in the period at issue in this case.[3] *Id.* at 9-10. Plaintiffs raise no new allegations or authority that would change this analysis. Indeed, the alleged misrepresentation is the same: Aviva represented that the § 419 plans at issue were legal tax avoidance schemes, when it knew or should have known the tax avoidance aspects of the plans would not work. *Compare* SAC ¶¶ 40-41 *with* TAC ¶¶ 40-41. Plaintiffs simply add additional language stating that the tax avoidance aspect of the plans "was open to question and the position of the IRS was unknown and unknowable" and language that Aviva knew the tax avoidance aspects of the policy "would or may not work." *See, e.g.*, TAC ¶¶ 41. Such allegations do not change this Court's prior analysis that the then-existing IRS rules, regulations, and notices did not provide definitive guidance regarding the legality of the § 419 plans at issue such that Aviva's representations regarding the tax implications of the plans were false when made. As such, the Third Amended Complaint does not cure the deficiencies of the Second Amended Complaint's fraud-based claims.

The Third Amended Complaint's additional allegations stating that Aviva's marketing was "false and illegal when performed" because Aviva marketed the plans as investments in contravention of Washington law cure neither the deficiencies of Plaintiffs' fraud-based claims generally nor the deficiencies of the Washington securities fraud claim specifically. The Court previously dismissed the Second Amended Complaint's Washington securities fraud claim for failure

---

[3]This Court made similar findings recently in a related case. *See Paul v. Aviva Life & Annuity Co.*, Case No. 3:09-cv-1490-B, 2011 WL 2713649, at*7-*9 (N.D. Tex. July 12, 1011).

3

to plead fraud under Rule 9(b). The Court also dismissed this claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") given the Court's findings that 1) insurance policies are excluded from the definition of a security under Washington state law and 2) Plaintiffs did not sufficiently plead why the insurance contracts at issue here should not be subject to this exclusion. *See* Mem. Op. May 20, 2011 at 15-17. Rather than address these deficiencies, Plaintiffs merely repeat their prior arguments already rejected by the Court and reassert the same allegations which this Court has already found deficient. Accordingly, the Third Amended Complaint does not cure the deficiencies of Plaintiffs' Washington securities fraud claim nor the fraud-based claims generally.

## III.

## CONCLUSION

For the reasons stated above, the Third Amended Complaint does not cure the deficiencies of the Second Amended Complaint as identified by the Court in its May 20, 2011 order dismissing Plaintiffs' claims for common law fraud/negligent misrepresentation, Washington securities fraud, breach of duty of good faith, unjust enrichment, civil conspiracy, and violation of the Washington Consumer Protection Act. Normally the Court will allow a plaintiff the opportunity to amend where it appears that more careful or detailed drafting might overcome the deficiencies on which dismissal is based. *See McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995); *see also Hitt v. City of Pasadena*, 561 F.2d 606, 608-09 (5th Cir. 1977) (observing that a complaint should only be dismissed under Rule 12(b)(6) "after affording every opportunity for the plaintiff to state a claim upon which relief can be granted."); *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (while court may dismiss a claim for failing to comply with Rule 9(b), "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead particularity after

being afforded repeated opportunities to do so."). In this case, Plaintiffs have now had multiple opportunities to state a claim, including their Third Amended Complaint, filed after the Court's May 20, 2011 decision detailing the deficiencies in the pleadings. Under these circumstances the Court determines, in its discretion, that allowing further amendment will be futile, cause needless delay, and is therefore not warranted. Plaintiffs' claims for common law fraud/negligent misrepresentation, Washington securities fraud, breach of duty of good faith, unjust enrichment, civil conspiracy, and violation of the Washington Consumer Protection Act are hereby **DISMISSED WITH PREJUDICE**. Accordingly, remaining against Defendant Aviva Life and Annuity Company is Plaintiffs' breach of contract claim.

      **SO ORDERED.**

      **DATED: July 25, 2011.**

                                              _____
                                              JANE J. BOYLE
                                              UNITED STATES DISTRICT JUDGE